UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
NORRIS J. McLAURIN,                          :

                  Plaintiff,         :

      -against-                                       :

DAVID A. PATERSON, Governor of New   :
York State, et al.,
                                        :
                  Defendants.
------------------------------------------------------X

07 Civ 3482 (PAC)(FM)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

In this action brought pursuant to 42 U.S.C. § 1983, pro se Plaintiff Norris J. McLaurin alleges that, by denying him parole, Defendants[1] violated his constitutional rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment and the Ex Post Facto Clause of Article I of the United States Constitution. The motion was referred to Magistrate Judge Frank Maas, who issued a 35-page Report and Recommendation ("R&R") dated June 12, 2008 in which he recommended that the Court grant Defendants' motion to dismiss. McLaurin filed timely objections. Upon careful consideration, the Court adopts the R&R—noting one non-dispositive correction—and grants Defendants' motion to dismiss.

---

[1] The Amended Complaint names as Defendants: former Governors of New York George E. Pataki and Eliot Spitzer; the New York State Division of Parole and its former and current Chairmen, Robert Dennison and George Alexander, respectively; and twelve individuals alleged to be Parole Commissioners or Parole Officers. McLaurin sued Pataki, Spitzer, and Dennison solely in their official capacities. (Am. Compl. ¶¶ 7, 9.) Per Federal Rule of Civil Procedure 25(d)(1), David A. Paterson, the current governor of New York, is substituted for Pataki and Spitzer, and Alexander is substituted for Dennison.

**The Magistrate Judge's Report and Recommendation**

In his R&R, Magistrate Judge Maas provided a comprehensive summary of the factual and procedural history bearing on McLaurin's claims, including an exhaustive analysis of his various parole hearings. It need not be repeated here.

Magistrate Judge Maas specifically found the following:

(1) that any claims that accrued before March 12, 2004, including those related to McLaurin's 2001 and 2003 parole hearings, are time-barred (R&R 16);

(2) that claims against the Division of Parole must be dismissed because it does not qualify as a "person" under Section 1983 (R&R 17);

(3) that the Parole Board denied McLaurin parole in 2006 and 2007 in an appropriate and legitimate exercise of its discretion and upon due consideration of McLaurin's criminal record, his institutional adjustment, his future plans, and the recommendation of the sentencing judge (R&R 20-25);

(4) that the Amended Complaint does not plausibly allege an unofficial statewide policy of denying parole for prisoners sentenced under recidivist statutes on the basis of their criminal history (R&R 25-28);

(5) that the State has a rational basis for distinguishing between persistent and non-persistent offenders in making parole determinations (R&R 28-29);

(6) that McLaurin cannot challenge a hypothesized unofficial State policy by which the Parole Board automatically denies parole for violent felony offenders because the challenged policy is not a "law" within the scope of the Ex Post Facto Clause (R&R 30-32); and

(7) that, insofar as McLaurin challenges the application of provisions of the Sexual Offender Registration Act ("SORA"), N.Y. Correct. Law § 168 et seq., as a violation of the Ex Post Facto Clause, his claim is not ripe for review (R&R 33).

**Applicable Law**

In evaluating the report and recommendation of a magistrate judge, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely

objection has been made to the magistrate judge's recommendations, the court is required to review the contested portions de novo. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). For uncontested portions of the report and recommendation, the court need only review the face of the record for clear error. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

**McLaurin's Objections**

By his letter to the Court dated June 23, 2008, McLaurin interposed objections "to each and every part" of Magistrate Judge Maas's R&R. (Plaintiff's Objections to the Magistrate's Report and Recommendation ("Obj.") 1). He supplemented these objections in a June 30, 2008 letter styled "Plaintiff's Addendum to Objections" ("Addendum"). McLaurin specifically objects that:

1. as a general matter, Magistrate Judge Maas improperly considered and relied on evidentiary materials beyond the scope of the complaint and failed to construe the allegations in light most favorable to McLaurin (Obj. 1-2);

2. the R&R mistakenly states that his 1979 conviction for attempted possession of prison contraband was a felony (Obj. 2-3);

3. the R&R improperly finds that the Parole Board could consider separately his three offenses for robbery in 1979, even though they constituted a single conviction for sentencing purposes (Obj. 3-5);

4. Magistrate Judge Maas improperly glossed over Defendants' failure to consider the sentencing judge's statements and the inaccuracies regarding those statements contained in his Inmate Status Report (Obj. 5-6);

5. his Ex Post Facto claims pertaining to the application of SORA requirements are ripe for review (Obj. 6-8);

6. Magistrate Judge Maas improperly denied him an opportunity to depose a former parole commissioner whose testimony might have been relevant to his failure to train claim (Obj. 8-9);

7. the R&R improperly categorizes his deliberate indifference allegations as a Monell claim (Obj. 9-11);

3

8. the Parole Board committed procedural errors resulting in a deprivation of due process (Obj. 11-13);

9. he should be allowed to submit evidence to support his claim that parole is foreclosed by an unofficial state policy barring discretionary parole decisions (Obj. 13-16);

10. he has properly alleged a viable equal protection claim (Obj. 16);

11. the R&R failed to address his claim that he was labeled a discretionary sex offender in violation of his due process rights (Addendum 2-4); and

12. Magistrate Judge Maas refused to permit further discovery of his claims despite his express statement to the contrary in a telephonic conference on May 29, 2008 (Addendum 4-5).

Where objections to an R&R simply reiterate the same arguments in the original pleadings, a district court need only review for clear error. Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (citing Vega v. Artuz, No. 97 Civ. 3775 (LTS) (JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)). McLaurin's objections numbered 4, 5, 8, and 10 above are merely a replay of old arguments heard and decided by Magistrate Judge Maas. With respect to these objections, the Court reviews the recommendations of the Magistrate Judge for clear error. Having found no clear error, the Court adopts the Magistrate Judge's recommendations in full in regard to these claims.

This Court reviews the remaining objections de novo.

**Objections 1 & 12:**

Magistrate Judge Maas evaluated whether to convert Defendants' motion to a motion for summary judgment. (R&R 13 n.7.) In the end, he concluded that the additional materials submitted for his consideration—McLaurin's Parole Board decisions, Inmate Status Reports related to his Parole Board appearances, and transcripts of his interviews—were either incorporated by reference in McLaurin's Amended

Complaint or integral thereto. (R&R at 13-14 n.7.) In light of these findings, Magistrate Judge Maas did not err in barring additional discovery, regardless of his representations of May 29, 2008.

**Objections 2 & 3:**

The Court notes one correction to the R&R: McLaurin's 1979 conviction for attempted possession of prison contraband was a misdemeanor rather than a felony. (See R&R 22 & n.10). Thus, McLaurin has been convicted of seven, not eight, felonies. However, this correction does not change the analysis, because Magistrate Judge Maas allowed for the possibility that the Parole Board made procedural errors. (R&R at 23 ("[E]ven if the Court were to assume that the Defendants committed one or more of the proceedural errors alleged in the Amended Complaint, . . . [the] decisions regarding McLaurin were not made in an arbitrary manner or for impermissible reasons.))

McLaurin's next objection—that his three 1979 robbery offenses should qualify as a single conviction for parole purposes—is also unpersuasive. While, pursuant to N.Y. Penal Law § 70.08, these offenses were considered a single conviction at the time of sentencing, see McLaurin v. Kelly, No. 94 Civ. 1560 (RSP) (GJD), 1998 WL 146282, at *1 (N.D.N.Y. Mar. 27, 1998) (approving Report & Rec. of DiBianco, Mag. J.), the statutory scheme is not addressed to parole procedures and is therefore irrelevant to the present discussion. (See R&R 22 n.10.)

**Objection 6:**

The R&R refers to the comments of a Commissioner Manley, regarding his lack of training and the general practices of the Parole Board. (R&R 23 n.11.) Magistrate Judge Maas denied McLaurin an opportunity to depose Manley, however, noting that Manley did not participate in McLaurin's 2006 or 2007 hearings. (R&R 23 n.11.)

5

McLaurin now objects that, as Manley did preside over his 2005 hearing, his testimony might be relevant to the alleged lack of supervision and training at that hearing. (Obj. 9.) However, McLaurin already received a de novo hearing in 2006 based on the improper procedures undertaken by the Parole Board in 2005. (See R&R 5, 21.)  McLaurin does not indicate any other relief to which he might be entitled to redress rights violated in the 2005 hearing.  Accordingly, Magistrate Judge Maas did not err in refusing to allow Manley's deposition.

**Objections 7 & 9:**

Insofar as the Court agrees with Magistrate Judge Maas that the Parole Board appropriately applied its discretion and evaluated all relevant considerations in assessing McLaurin's requests for parole, McLaurin's other objections to the dismissal of his due process claims—i.e., the failure to train and/or supervise board members, the deliberate indifference of specific Division of Parole employees, and the existence of an unofficial statewide policy barring the Parole Board's exercise of discretion—are foreclosed.

**Objection 11:**

Finally, Magistrate Judge Maas did not err in failing to construe McLaurin's allegations concerning the application of SORA requirements (Am. Compl. ¶ 19(g)) as raising a due process claim.  In his memorandum opposing the motion to dismiss, McLaurin addresses his SORA-based claims under the heading "The Amended Complaint States Viable Ex Post Facto Claims" (Pl.'s Mem. 22-24), which is set off entirely from his discussion of due process claims (Pl.'s Mem. 12-21).  Moreover, the same logic applies whether McLaurin's claim is addressed to ex post facto or due process concerns:  the claim is not ripe for review because the SORA conditions have not been applied to McLaurin. (See R&R 33.)

**Conclusion**

For the foregoing reasons, the R&R issued by Magistrate Judge Maas is adopted in full, allowing for the single correction addressed above. McLaurin's objections to the R&R are DENIED. Defendants' motion to dismiss the Amended Complaint in its entirety is GRANTED. The Clerk of the Court is directed to terminate the present motion and close this case.

Dated: New York, New York
       August 11, 2008

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copies To:

Norris J. McLaurin
DIN# 92-B-0772
Mid-Orange Correctional Facility
900 Kings Highway
Warwick, NY 10990

Neil Shevlin, Esq.
Assistant Attorney General
120 Broadway – 24th Floor
New York, NY 10271-0332
(212) 416-8561

Via Interoffice Mail To:

Hon. Frank Maas
United States Magistrate Judge
United State Courthouse
500 Pearl Street, Room 740
New York, NY 10007-1312